David B. Cetron [DC5739]
LAW OFFICE OF DAVID B. CETRON, P.C.
49 West 37th Street, 7th Floor
New York, New York 10018
212-616-3833

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
--------------------------------------------------------------------------------X       <u>18</u> **CV   4602**

LIAM A. COX,

                                Plaintiff,       **COMPLAINT**

          - against -       **PLAINTIFF**
                                        **DEMANDS A**
CITY OF NEW YORK, and DETECTIVE GIOVANNI       **TRIAL BY JURY**
TALAVERA, SHIELD 1022, DETECTIVE JOSEPH
WRIGHT, SHIELD 6670,       **ECF CASE**

                                Defendants.
--------------------------------------------------------------------------------X

### PARTIES, JURISDICTION and VENUE

1.      Plaintiff, LIAM A. COX, is a 22 year old male, who, at all times relevant to this action, was a resident of Richmond County, New York.

2.      Defendant, City of New York ("NYC"), is a municipality within the State of New York, which includes Richmond County.  Defendant NYC maintains a police department, the New York City Police Department ("NYPD"), which is an agency of the municipality.

3.      Upon information and belief, Defendant DETECTIVE GIOVANNI TALAVERA, SHIELD 1022, ("DEFENDANT TALAVERA") was at all relevant times an officer with the NYPD assigned to the Force Investigations Division, located in Jamaica, New York.  All actions by DEFENDANT TALAVERA complained of herein were taken in the course of his employment and under color of law.  DEFENDANT TALAVAERA is being sued in both his individual and official capacities.

4.     Upon information and belief, Defendant DETECTIVE JOSEPH WRIGHT, SHIELD 6670, ("DEFENDANT WRIGHT") was at all relevant times an officer with the NYPD assigned to the Force Investigations Division, located in Jamaica, New York.  All actions by DEFENDANT WRIGHT complained of herein were taken in the course of his employment and under color of law.  DEFENDANT WRIGHT is being sued in both his individual and official capacities.

5.     Original jurisdiction of this Court is founded upon 28 U.S.C. §1331, et seq., specifically 28 U.S.C. § 1343.

6.     Venue is properly laid in this District pursuant to 28 U.S.C. §1391(b).

7.     A Notice of Claim was timely served upon Defendant NYC on January 30, 2018, within ninety days of November 28, 2017, the statutory date of accrual for the State claims herein.

8.     The instant action is commenced within one year and ninety days of the date of accrual of all State causes of action and within three years of the other claims.

**FACTS GIVING RISE TO THE CLAIMS**

9.     On January 5, 2017, members of the NYPD 123rd Precinct and Force Investigation Division including DEFENDANTS WRIGHT and TALAVERA were investigating an incident allegedly involving Jonathan Derbyshire, a resident of the first floor apartment of 65 Kreischer Street, Richmond County, New York.

10.     The residence located at 65 Kreischer Street is a legal, two family home consisting of separate apartments on the first and second floors.

11.     The presence of multiple residences is evidenced by separate mail boxes (one of which was clearly labeled "APT. 2"), separate utility meters and separate locking

entrances.

12.     The entrance to the first floor apartment is located in the front of the home, while the second floor apartment can only be accessed via an exterior staircase located in the rear of the home.

13.     The door to the second floor apartment is located approximately 20-25 feet off the ground and there are no internal passages connecting the separate apartments.

14.     In furtherance of the investigation, on January 5, 2017, at approximately 1:00 p.m., Detective Joseph Solomon of the NYPD Force Investigation Division interviewed the caretaker of 65 Kreischer Street, Dennis Forquignon, an employee of the property owner.

15.     Mr. Forquignon, who resided in the basement apartment, stated to Detective Solomon that he did not know who lived upstairs in the "first or second floor apartments."

16.     Notwithstanding this, on January 5, 2017, DEFENDANT TALAVERA, met with an Assistant District Attorney of the Richmond County District Attorney's Office, drafted a search warrant and affidavit stating that "65 Kreischer Street is a two-story, semi–attached single family house" and at 3:12 p.m., swore to the truth of this false description before the Honorable Raja Rajeswari, Judge of the Criminal Court of the City of New York, Richmond County who granted the warrant.

17.     DEFENDANT TALAVERA's sworn affidavit relies in part on statements made to fellow officers (including DEFENDANT WRIGHT), by Jonathan Derbyshire, the resident of the first floor apartment.   The affidavit failed however to convey that

Derbyshire specifically stated that 65 Kreischer Street consisted of two wholly separate apartments.

18.     On January 5, 2017, at approximately 4:00 p.m., Detective Joseph Solomon of the Force Investigation Division interviewed Mr. Al Tari, the owner of 65 Kreischer Street, who advised that "on the second floor the tenants name is Tom Cox. He does not know who the tenants on the 1st floor are" and provided "a detailed layout to [Detective Solomon] of both floors of the location."

19.     Despite irrefutable evidence that 65 Kreischer Street consisted of two separate apartments, and with knowledge that the search warrant for the premises had been supported with false sworn testimony, DEFENDANT TALAVERA and other members of the NYPD executed the warrant at both 65 Kreischer Street apartments.

20.     At approximately 6:30 pm on January 5, 2017, New York City Police Officers/Detectives from the 123rd Precinct and Force Investigation Division, climbed the rear exterior staircase of 65 Kreischer Street, broke open the locked door of the second floor apartment and at gunpoint, directed Plaintiff to show his hands and get on the ground.

21.     Plaintiff was forced to the ground and rear handcuffed while one of the NYPD officers had his knee in Plaintiff's back.

22.     Plaintiff, who resided elsewhere with his mother, was present inside the 2nd floor apartment of 65 Kreischer Street at this time because he was ill and could not remain at home as his mother was undergoing chemotherapy treatment for breast cancer.

23.     Members of the NYPD including DEFENDANT TALAVERA, conducted a

4

search of the location and allegedly recovered a quantity of a controlled substance and marijuana secreted in the bedroom and kitchen of the second floor apartment.   No contraband was in plain view.

24.     Multiple forms of identification, approximately $1,500.00 and one cell phone belonging to Plaintiff were seized.   Identification with Plaintiff's home address was seized but later returned.

25.     Notwithstanding the lack of evidence linking Plaintiff to the location, the fact that DEFENDANTS had learned the identity of the tenant of the second floor apartment prior to executing the warrant and the fact that Plaintiff neither possessed, constructively possessed, nor exercised dominion and control over any secreted contraband, Plaintiff was arrested by DEFENDANT WRIGHT.

26.     Additionally, DEFENDANT WRIGHT acknowledged that Plaintiff did not reside at 65 Kreischer Street by providing Plaintiff's true address on all paperwork prepared in relation to his arrest.

27.     This matter garnered substantial media coverage.

28.     On January 6, 2017, Plaintiff was arraigned in the Criminal Court of the City of New York, Richmond County at which time bail was set at $10,000.   In the late afternoon/early evening, bail was posted and Plaintiff was released from custody with directions to return to court.

29.     Plaintiff was forced to retain counsel and to appear in court on approximately 10 additional dates.

30.     In furtherance of this unlawful prosecution of the Plaintiff, DEFENDANT TALAVERA provided false testimony before a Richmond County Grand Jury, describing

5

the location that he had searched as a "Two-story one-family residential home" despite having been present therein and therefore, possessing actual knowledge that the description was false.

31.    On or about January 26, 2017, Plaintiff was indicted on charges of Criminal Possession of a Controlled Substance in the Fifth Degree and Criminal Possession of Marijuana in the Second Degree.

32.    In or around May of 2017, counsel for the Plaintiff filed motions to suppress all evidence recovered pursuant to the defective warrant.

33.    On November 28, 2017, Plaintiff appeared in the Richmond County Supreme Court at which time the District Attorney's Office consented to the relief requested in Plaintiff's motion and agreed to the suppression of all evidence recovered pursuant to the execution of the warrant at 65 Kreischer Street.

34.    Moreover, on the motion of the District Attorney's Office, all charges against Plaintiff were dismissed and all records pertaining to this matter were sealed.

**FIRST CLAIM**
(§1983 - FALSE ARREST)

35.    Pursuant to Rule 10(c), Plaintiff repeats and re-alleges each and every allegation of paragraphs 1 through 34 of the Complaint as if incorporated and reiterated herein.

36.    By falsely accusing Plaintiff without legal authority and falsely swearing in support of these allegations, DEFENDANTS WRIGHT and TALAVAERA, caused the arrest of Plaintiff and violated Plaintiff's rights under the First, Fourth, Eighth and Fourteenth Amendments of the United States Constitution

37. By providing false information to support the search warrant application and falsely swearing to the truth of these false allegations, DEFENDANT TALAVAERA, caused the illegal search and arrest of Plaintiff and violated Plaintiff's rights under the First, Fourth, Eighth and Fourteenth Amendments of the United States Constitution.

38. By arresting Plaintiff without legal authority, DEFENDANT WRIGHT violated Plaintiff's rights under the First, Fourth, Eighth and Fourteenth Amendments of the United States Constitution.

39. By reason thereof, DEFENDANTS WRIGHT and TALAVAERA, violated 42 U.S.C. §1983 and caused Plaintiff to suffer emotional distress, mental anguish, economic damages and the loss of his constitutional rights.

**SECOND CLAIM**
(§1983 - MALICIOUS PROSECUTION)

40. Pursuant to Rule 10(c), Plaintiff repeats and re-alleges each and every allegation of paragraphs 1 through 39 of the Complaint as if incorporated and reiterated herein.

41. By initiating and pursuing criminal charges where there was no basis for such charge, DEFENDANTS WRIGHT and TALAVAERA, engaged in a malicious prosecution of the Plaintiff.

42. By providing false testimony to the Grand Jury regarding the nature of the residence searched, DEFENDANT TALAVERA engaged in a malicious prosecution of the Plaintiff.

43. By reason thereof, DEFENDANTS WRIGHT and TALAVAERA, violated 42 U.S.C. §1983 and caused Plaintiff to suffer emotional distress, mental anguish,

economic damages and the loss of his constitutional rights.

## THIRD CLAIM
### (COMMON LAW - MALICIOUS PROSECUTION)

44.     Pursuant to Rule 10(c), Plaintiff repeats and re-alleges each and every allegation of paragraphs 1 through 43 of the Complaint as if incorporated and reiterated herein.

45.     By initiating and pursuing criminal charges where there was no basis for such charges, DEFENDANTS WRIGHT and TALAVAERA, engaged in a malicious prosecution of the Plaintiff.

46.     By providing false testimony to the Grand Jury regarding the nature of the residence searched, DEFENDANT TALAVERA engaged in a malicious prosecution of the Plaintiff.

47.     By reason thereof, DEFENDANTS WRIGHT and TALAVAERA caused Plaintiff to suffer emotional distress, mental anguish, economic damages and the loss of his constitutional rights.

48.     By reason thereof, and because DEFENDANTS WRIGHT and TALAVAERA, acted within the scope of their duties as members of the NYPD, DEFENDANT NYC is also liable under this claim based on a theory of *respondeat superior*.

## DEMAND FOR A JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

**WHEREFORE**, the Plaintiff demands judgment against Defendants as follows:

i)      On the first claim, actual and punitive damages in an amount to be determined at trial;

ii)     On the second claim, actual and punitive damages in an amount to be determined at trial;

iii)    On the third claim, actual and punitive damages in an amount to be determined at trial;

iv)    Statutory attorney's fees and disbursements pursuant to 42 U.S.C. §1988, and costs of this action; and,

v)     Such other relief as the Court deems just and proper.

Dated:  New York, New York
       August 15, 2018

LAW OFFICE OF DAVID B. CETRON, P.C.
Attorneys for Plaintiff

By:  _____
David B. Cetron [DC5739]
49 West 37th Street, 7th Floor
New York, New York 10018
(212) 616-3833

9